IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REYNOLDS FOOD PACKAGING LLC, )
 )
        Plaintiff, )
 )
  v. ) No. 10 C 7167
 )
FRANK M. H. OESTERVEMB, )
 )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Reynolds Food Packaging LLC ("Reynolds") has filed a Complaint for Declaratory Judgment against Frank Oestervemb ("Oestervemb"), seeking to invoke federal subject matter jurisdiction on diversity of citizenship grounds. Because that effort is impermissibly flawed, so that Reynolds has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte opinion dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaws can be cured promptly, the action might then be reinstated.

As for Oestervemb, Complaint ¶2 identifies his status only in terms of his residing in Denmark. But residence does not of course necessarily equate to someone's state of citizenship (or for that matter, noncitizenship), so that our Court of Appeals regularly mandates the dismissal of actions that speak only in terms of residence (see, e.g., Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004)).

Although that gaffe would seem most likely to be curable, that is not necessarily true of the even more fundamental recital in Complaint ¶1, which sets out only the jurisdictionally-irrelevant facts of the state of incorporation and the principal place of business of limited liability company Reynolds. Those allegations ignore more than 10 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

Until sometime last year this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Reynolds' Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Reynolds and its counsel jointly obligated to pay a fine of $350 to the District Court Clerk if an appropriate Fed. R. Civ.

P. 59(e) motion filed hereafter were to provide the missing information that can lead to the vacatur of this judgment of dismissal.[1] Because this dismissal is attributable to Reynolds' lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 15, 2010

---

[1] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable.